IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


WASHIE OUMA,                                    No. 3:19-cv-01084-HZ

                        Plaintiff,              OPINION & ORDER

        v.

LIBERTY MUTUAL INC.,
*Owner of SAFECO Insurance*,

                        Defendant.


Washie Ouma
4110 SE Hawthorne Blvd. #741
Portland, OR 97214

        Plaintiff Pro Se

John A. Bennett
Jacqueline Tokiko Mitchson
BULLIVANT HOUSER BAILEY PC
1 SW Columbia Street, Suite 800
Portland, OR 97204

        Attorneys for Defendant

HERNÁNDEZ, District Judge:

Pro se Plaintiff Washie Ouma brings this action against Defendant Liberty Mutual Inc. Defendant now moves to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). Def.'s Mot. to Dismiss, ECF 14. For the reasons that follow, this action is dismissed with prejudice.

## BACKGROUND

This is the second time Plaintiff has filed suit in this Court raising these allegations. *Compare* Compl., Case No. 3:18-cv-0888-AC, ECF 1, *with* Compl., ECF 1. In his initial action, Plaintiff, a citizen of Oregon, brought claims against Defendant Liberty Mutual, as well as several individually named defendants and an Oregon law firm. On June 19, 2019, the Court dismissed those claims for lack of subject matter jurisdiction. Order, Case No. 3:18-cv-0888-AC, ECF 32 (adopting Findings & Recommendation, Case No. 3:18-cv-0888-AC, ECF 27).[1] In the instant action, Plaintiff has dropped the previously named Oregon defendants. Moreover, per Plaintiff's Amended Complaint and Response to Defendant's Motion to Dismiss, Plaintiff has voluntarily dismissed the individually named Defendants, Tyler Asher and David H. Long. Therefore, Liberty Mutual is the only Defendant to this action.

The following facts are derived from the Complaint (ECF 1) and Amended Complaint (ECF 11).[2] Plaintiff's allegations stem from a lawsuit adjudicated in Oregon state court to which Plaintiff was a party. Compl., Attach. 1, ("Statement") at 2-3, ECF 1-1. Plaintiff and the

---

[1] *Ouma v. Asher*, No. 3:18-CV-00888-AC, 2019 WL 2529556, at *1 (D. Or. May 30, 2019), *findings and recommendation adopted sub nom. Ouma v. Tyler*, No. 3:18-CV-00888-AC, 2019 WL 2526186 (D. Or. June 19, 2019).
[2] Because Plaintiff's Amended Complaint lacks factual detail that was included in the original Complaint and attachment, the Court construes Plaintiff's Complaint (ECF 1), sixteen-page attachment (ECF 1-1), and Amended Complaint (ECF 11) together as the operative complaint in this action.

opposing party were involved in a car accident. *Id.* at 3. The opposing party, the other driver, was

represented by legal counsel retained by his insurer, Safeco Insurance Company. *Id.* at 2-3.

Safeco is purportedly owned by Liberty Mutual Inc. *Id.* at 1.

Plaintiff alleges that on or about January 27, 2016, Defendant introduced allegedly

fraudulent emergency room documents as evidence in the state court trial. Plaintiff claims that

Defendant's "insured driver benefited from that fake evidence and their deceptions when the

state's court ruled in [Defendant's] favor[.]" *Id.* at 3-4. Plaintiff further alleges the adverse state

court judgment was reached relying on the emergency room documents that Defendant or

Defendant's unnamed agents "intentionally forged/stole[.]" *Id.* at 2. Plaintiff claims Defendants

have "victimized and re-harmed [him] and . . . have added an insult to some of the injuries

caused . . . by their negligent insured driver," and that as a "direct and proximate result . . .

[Plaintiff] continue[s] to suffer more physical pain, anguish, and suffering[.]" *Id.* at 3. Plaintiff

seeks non-economic and punitive damages of $5 million.[3] Amended Compl. 5-6.

## STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the claims. *Navarro v.*

*Block*, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and

construed in the light most favorable to the nonmoving party." *Am. Family Ass'n, Inc. v. City &*

*Cty. of S.F.*, 277 F.3d 1114, 1120 (9th Cir. 2002). To survive a motion to dismiss, a complaint

"must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

---

[3] Plaintiff's Amended Complaint references a twelve-page typed attachment detailing the amount
in controversy, but no such attachment was included with the filing.

556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other words, a complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* at 679.

However, the court need not accept conclusory allegations as truthful. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations[.]") (internal quotation marks, citation, and alterations omitted). A motion to dismiss under Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id.* (citations and footnote omitted).

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.") (internal

quotations and citations omitted). However, "a complaint cannot be dismissed unless it appears beyond a doubt that plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo*, 68 F.3d at 1207 (declining to dismiss a complaint where the equitable tolling doctrine was applicable). Where claims are barred by the statute of limitations, the trial court may dismiss the plaintiff's claims without leave to amend because the amendment would be futile. *Platt Elec. Supply Inc. v. EOFF Elec. Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

Courts must liberally construe pro se pleadings. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Additionally, a court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, Dismissal of a pro se complaint without leave to amend is proper where the deficiencies of the complaint cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

Defendant moves to dismiss this action because: (1) Plaintiff's claim lacks subject matter jurisdiction; (2) Plaintiff's claim is time-barred under the applicable statute of limitations; (3) Plaintiff failed to properly serve Defendant; and (4) Plaintiff has failed to state a plausible claim for relief. The Court finds Plaintiff's claim is time-barred. Because the statute of limitations argument is dispositive, the Court need not discuss Defendant's other grounds for dismissal.

## I.    Statute of Limitations

Plaintiff lists Or. Rev. Stat. § ("O.R.S.") 165.800 and 18 U.S.C. §§ 1028, 241, and 242 as the basis for this action. Statement 7. These criminal statutes, however, do not provide a private right of action. *See, e.g.*, *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980) (stating criminal statutes 18 U.S.C. §§ 241, 242 provide no basis for civil liability); *Madsen v. Bank of Am. N.A.*, No. 1:18-CV-00803-CL, 2019 WL 1373688, at *4 (D. Or. Mar. 6, 2019) ("18 U.S.C. § 1028 is a

criminal statute that does not support a private right of action"); *Booth v. Equifax Credit Info. Servs., Inc.*, No. CIV. 01-39-JO, 2001 WL 34736212, at *1 (D. Or. June 8, 2001) (noting O.R.S. 165.800 does not create a private right of action). Thus, given that Plaintiff cannot enforce these criminal statutes, and Plaintiff alleges that his emergency room documents were stolen and fraudulently signed, the Court construes Plaintiff's pleadings as alleging a claim of common law fraud against Defendant.

In a diversity action, the Court applies state substantive law, including the state's statute of limitations. *See Torre v. Brickey*, 278 F.3d 917, 919 (9th Cir. 2002); *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 100 (1945). In Oregon, an action for fraud must be brought within two years of the discovery of the allegedly fraudulent conduct. O.R.S. 12.110(1). A plaintiff discovers the fraud—and the claim accrues—when the plaintiff knew or should have known of the alleged fraud. *Liberty Nat. Prod., Inc. v. Hoffman*, No. 3:13-CV-00886-BR, 2017 WL 4855404, at *11 (D. Or. Oct. 26, 2017).

The Court finds Plaintiff's fraud claim accrued in January 2016. Indeed, Plaintiff concedes that he "discovered and pointed [the 'forged/stole[n]' documents] out to the circuit court" the same day they were introduced at trial, January 27, 2016. Pl.'s Resp. 9, ECF 17; *see also* Statement 2 (noting that the trial took place "on/about January 27, 2016"). Therefore, Plaintiff discovered the allegedly forged documents in January 2016, meaning Plaintiff had to file this action by January 2018 for it to be timely. However, he failed to do so.

Plaintiff argues that his claim is not time-barred because he mailed a Notice to File Civil Suit ("Notice") to Defendant and the Court on January 25, 2018. Pl.'s Ex. 7, ECF 17-1. However, under O.R.S. 12.020 an action is not deemed commenced until both the filing of the complaint and service of summons on the defendant are accomplished. Plaintiff's Notice is essentially a demand letter informing Defendant that he *would* file a claim "within 30 days" if

Defendant did not "come forward and properly resolve[] the issue of their so-called 'emergency room documents.'" Pl.'s Ex. 2, ECF 22-1. Because Plaintiff's Notice was not a complaint it did not commence this action. *See* O.R.S. 12.020(2) (action deemed commenced on date of filing complaint if service effected within 60 days of filing). Even assuming the Complaint was properly filed and served on Defendant here, Plaintiff did not file the Complaint until July 12, 2019—more than three years after Plaintiff discovered the allegedly forged and stolen emergency room documents during the state court trial. Moreover, even if the Court could find this action commenced when Plaintiff filed the first lawsuit in Case No. 3:18-CV-00888-AC, the action is still untimely. Plaintiff initiated that case by filing a complaint on May 17, 2018, which is more than two years after he discovered the alleged fraud in January 2016. Accordingly, Plaintiff's fraud claim is time barred.[4]

## II.    Leave to Amend

Generally, "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). This is particularly true with regard to pro se plaintiffs: "Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (citations and quotation marks omitted); *cf. Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend is properly denied "if amendment would be futile"). Allegations of pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520

---

[4] Additionally, to the extent Plaintiff alleges a claim for Intentional Infliction of Emotional Distress, the Court notes that claims for emotional distress are subject to the same two-year limitations period as his fraud claim. O.R.S. 12.110; *Osako v. Crowne Plaza Hotel*, No. CV-10-1446-ST, 2011 WL 3704175, at *1 (D. Or. Apr. 21, 2011). Therefore, that claim is also dismissed as untimely.

(1972). In this case, however, Plaintiff's claim is barred by the two-year statute of limitations.

Therefore, the Complaint must be dismissed under Rule 12(b)(6) for failure to state a claim.

Furthermore, because the dates of the events will not change, and because the Court sees no basis

for tolling the limitations period, this case is dismissed with prejudice, as amendment would be

futile.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss [14] is GRANTED and this case is

dismissed with prejudice.

IT IS SO ORDERED.


DATED:   November 10, 2020    .



MARCO A. HERNÁNDEZ
United States District Judge